UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 07**      **4873**

--------------------------------------------------------------------------------X

STEPHANIE SANTORI,

**COMPLAINT** AUFIS, J.

Plaintiff,      **REYES, M.J**

Index No.

-against-

Jury Trial Demanded

CITY OF NEW YORK, JAMES MALPESO (Tax No. 932948),
UNDERCOVER POLICE OFFICER NO. 312, and JOHN and
JANE DOE 1 through 10, individually and in
their official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 21 2007 ★

Defendants.

**BROOKLYN OFFICE**

--------------------------------------------------------------------------------X

Plaintiff STEPHANIE SANTORI, by her attorneys, Leventhal & Klein, LLP,

complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said

rights are secured by said statutes and the Constitution of the State of New York and the United

States.  Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First,

Fourth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.       Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.       Plaintiff STEPHANIE SANTORI was at all relevant times a resident of the City and State of New York.

7.       Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.       Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9        That at all times hereinafter mentioned, the individually named defendants JAMES MALPESO, UNDERCOVER POLICE OFFICER NO. 312, and JOHN and JANE DOE 1 Through 10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the States or City New York.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

2

YORK.

12.     Each and all of the acts of the defendant alleged herein were done by said

defendants while acting in furtherance of their employment by defendant CITY OF NEW

YORK.

## FACTS

13.     On August 24, 2006, in the afternoon, plaintiff STEPHANIE SANTORI was

lawfully on Richmond Road in the vicinity of Todt Hill Road, in the City of New York, County

of Richmond, and State of New York.

14.     At the aforesaid time and place, the defendants, members of the New York City

Police Department, unlawfully and without reasonable suspicion or any just cause stopped the

motor vehicle plaintiff was driving; falsely arrested and unlawfully imprisoned the plaintiff; and

threatened plaintiff at gunpoint. In a failed effort by the officers to justify their misconduct, the

officers unlawfully searched plaintiff, including searching under her bra and in her pants and

pockets on a public street, and searched the vehicle without plaintiff's consent. Plaintiff was

then taken to the NYPD 120th Precinct stationhouse against her will, where the defendants

conspired to create baseless charges against the plaintiff. During the above described period of

time, plaintiff's wrist handcuffs were over tightened and the NYPD officers refused to loosen

said restraints despite plaintiff's repeated pleas that she was in pain. The charges, which were

maliciously issued by the defendants to cover up their acts of brutality and abuse of authority,

were conveyed to the Richmond County District Attorney's Office for the purpose of initiating a

prosecution against the plaintiff. After hiring an attorney to fight the case, the criminal charges

were ultimately dismissed and sealed at the request of the Richmond County District Attorney's

office on or about November 21, 2006.

3

15.     All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein..

16.     As a result of the foregoing, plaintiff STEPHANIE SANTORI sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of her liberty and constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights under 42 U.S.C. § 1983)

17.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" with the same force and effect as if fully set forth herein.

18.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

19.     All of the aforementioned acts deprived plaintiff STEPHANIE SANTORI of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

20.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

21.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

4

22.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

23.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "22" with the same force and effect as if fully set forth herein.

24.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff STEPHANIE SANTORI'S constitutional rights.

25.     As a result of the aforementioned conduct of defendants, plaintiff STEPHANIE SANTORI was subjected to excessive force and sustained physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

26.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27.     Defendants had an affirmative duty to intervene on behalf of plaintiff STEPHANIE SANTORI, whose constitutional rights were being violated in their presence by other officers.

28.     The defendants failed to intervene to prevent the unlawful conduct described herein.

29.     As a result of the foregoing, plaintiff STEPHANIE SANTORI'S liberty was restricted for an extended period of time, she was put in fear of her safety, she was unlawfully searched, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause. Further, plaintiff sustained physical injuries.

5

## AS AND FOR A FOURTH CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

30.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.    The defendants unlawfully imprisoned plaintiff STEPHANIE SANTORI against her will without any probable cause or privilege.

32.    As a result of the foregoing, plaintiff STEPHANIE SANTORI was deprived of her right to be free from false arrest.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

33.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.    Defendants maliciously issued criminal process against plaintiff STEPHANIE SANTORI by causing her to be arraigned and prosecuted in criminal court.

35.    Defendants caused plaintiff STEPHANIE SANTORI to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.    Defendants initiated, commenced and continued a malicious prosecution against plaintiff STEPHANIE SANTORI by conveying false and/or misleading information to the Richmond County District Attorney's Office and by otherwise causing plaintiff to be prosecuted.

6

38.     Upon information and belief, the criminal prosecution was terminated in favor of the accused when it was dismissed and sealed on or about November 21, 2006.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

41.     As a result of the foregoing, plaintiff STEPHANIE SANTORI was deprived of her liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

42.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

43.     The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A NINTH CAUSE OF ACTION
(Unlawful Search/Invasion of Privacy under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     The searches of the plaintiff and plaintiff's vehicle herein were conducted in the

7

absence of individualized reasonable suspicion that plaintiff possessed any contraband or weapon at the time of her arrest.

46.     As a result of the aforementioned conduct of defendants, plaintiff STEPHANIE SANTORI's right to be free from unreasonable searches and seizures was violated.

## AS AND FOR A TENTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

47.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

49.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, unlawfully stopping, assaulting and battering, searching, and seizing innocent citizens, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff STEPHANIE SANTORI'S rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

50.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference

8

to the safety, well-being and constitutional rights of plaintiff STEPHANIE SANTORI.

51.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff STEPHANIE SANTORI as alleged herein.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff STEPHANIE SANTORI as alleged herein.

53.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff STEPHANIE SANTORI was unlawfully stopped, seized, searched, detained, incarcerated, and subjected to physical abuse.

54.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff STEPHANIE SANTORI'S constitutional rights.

55.     All of the foregoing acts by defendants deprived plaintiff STEPHANIE SANTORI of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest, malicious prosecution, and malicious abuse of process;

      C.     To receive equal protection under law; and

      D.     To be free from the use of excessive force and/or the failure to intervene.

56.     As a result of the foregoing, plaintiff STEPHANIE SANTORI is entitled to

9

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

### Supplemental State Law Claims

57.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

59.    The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

60.    The action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

61.    Plaintiff has complied with all conditions precedent to maintaining the instant action.

62.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

63.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.    As a result of the foregoing, plaintiff STEPHANIE SANTORI was placed in apprehension of imminent harmful and offensive bodily contact.

10

65.     As a result of defendant's conduct, plaintiff STEPHANIE SANTORI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Battery under the laws of the State of New York)

66.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     Defendants made offensive contact with plaintiff without privilege or consent.

68.     As a result of defendant's conduct, plaintiff STEPHANIE SANTORI has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

69.     Plaintiff repeats, reiterates and each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

71.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

72.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

73.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff STEPHANIE SANTORI.

11

74.    As a result of the aforementioned conduct, plaintiff STEPHANIE SANTORI suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (False Arrest under the laws of the State of New York)

75.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.    Defendants unlawfully imprisoned and restrained the plaintiff for an extended period of time.  Plaintiff was conscious of said confinement and did not consent the arrest.

77.    As a result of the aforementioned conduct, plaintiff STEPHANIE SANTORI was falsely arrested in violation of the laws of the State of New York.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (Malicious Abuse of Process under laws of the State of New York)

78.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.    Defendants maliciously abused criminal process against plaintiff STEPHANIE SANTORI by causing her to be prosecuted for an improper purpose.

80.    Defendants caused plaintiff STEPHANIE SANTORI to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their acts of brutality and abuse of authority.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

81. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "80" with the same force and effect as if fully set forth herein.

82.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff STEPHANIE SANTORI by providing false information to the Richmond County District Attorneys' office, and by otherwise participating in the prosecution of the plaintiff.

83.     Defendants caused plaintiff STEPHANIE SANTORI to be prosecuted until the proceedings terminated in plaintiff's favor when they were dismissed and sealed on or about November 21, 2006.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York)

84.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "83" with the same force and effect as if fully set forth herein.

85.     Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest and assault of plaintiff STEPHANIE SANTORI.

86.     Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in the Complaint.

## AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

87.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "86" with the same force and effect as if fully set forth herein.

88.     Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest, assault and search of plaintiff STEPHANIE SANTORI.

## AS AND FOR A NINETEENTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

89.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A TWENTIETH CAUSE OF ACTION
### (*Respondeat Superior* liability under the laws of the State of New York)

91.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "90" with the same force and effect as if fully set forth herein.

92.     Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

93.     As a result of the foregoing, plaintiff STEPHANIE SANTORI is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of their action.

## AS AND FOR A TWENTY-FIRST CAUSE OF ACTION
### (Trespass to Chattels under the laws of the State of New York)

94.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

14

95.     Defendants intentionally entered plaintiff's vehicle without plaintiff's consent and damaged, destroyed, stole and/or otherwise interfered with plaintiff's right to her property thereby causing plaintiff injuries.

96.     As a result of the foregoing, plaintiff is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff STEPHANIE SANTORI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C ) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       November 20, 2007

LEVENTHAL & KLEIN, LLP
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:  _____
     BRETT H. KLEIN (BK4744)

Attorneys    for    Plaintiff    STEPHANIE
SANTORI